1

**O'CONNOR BERMAN DOTTS & BANES**
Second Floor, Nauru Building

2

1 Nauru Loop
Susupe, Saipan, CNMI

3

Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684

4

Fax: 234-5683
E-mail: attorneys@saipan.com

5

**Attorneys for Plaintiff**

6

**F I L E D**
Clerk
District Court

**OCT 1 0 2007**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

8

LI FENFEN,                                )        Civ. No. 07-__0033__

9

                                          )
              Plaintiff,                   )

10

                                          )
       vs.                                )        **COMPLAINT**
                                          )        **AND JURY DEMAND**

11

SEAHORSE INC. SAIPAN,                      )

12

                                          )
              Defendants.                  )

13

_____  )

14

15

        COMES NOW Plaintiff Li Fenfen, by and through counsel, and for her Complaint against

16

the Defendant states as follows:

17

18

                        **JURISDICTION AND VENUE**

19

20

        1. The Court has jurisdiction of this matter pursuant to the Covenant To Establish a

21

Commonwealth of the Northern Mariana Islands In Political Union With the United States Of

22

America §§ 401-402 (authorizing Congress to establish this Court), 48 U.S.C. § 1821-22

23

(establishing this Court and granting it the jurisdiction of a district court of the United States), and

24

28 U.S.C. § 1332 (diversity jurisdiction), as this matter involves citizens of a state and of a foreign

25

state, and the matter at issue is more than $75,000, exclusive of interest and costs.

26

        2. Venue is proper in this district under 28 USC § 1391(a) and (c), as both Plaintiff and

27

Defendant reside in this district, the claim arose in this district, and Defendant, a corporation, is

28

incorporated, licensed to do business, and doing business in this district.

## PARTIES

3. Plaintiff Li Fenfen is a citizen of the People's Republic of China residing on Saipan, CNMI.

4. Defendant Seahorse Inc. Saipan is a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, with its principal place of business on Saipan. It is engaged in the business of water sports, including jet-ski operations, and conducts such operations at a beachfront site near the Fiesta Hotel, Garapan, Saipan, CNMI.

## FACTS

5. On or about April 29, 2007, Plaintiff, after finishing work for the day, stopped by Defendant's jet-ski operation on the beachfront near the Fiesta Hotel, Garapan, Saipan, CNMI.

6. One of Defendant's employees offered to take Plaintiff for a ride on a jet-ski, and she accepted.

7. Defendant's employee drove the jet-ski out into the lagoon, with Plaintiff riding behind him as a passenger.

8. Defendant's employee drove the jet-ski slowly at first, but soon increased his speed to the point that Plaintiff became alarmed and told him to slow down.

2

9.  Defendant's employee did not slow down, and instead continued driving the jet-ski at an excessive and unsafe rate of speed.

10.  As a result, the jet-ski overturned, throwing Plaintiff violently into the sea, and causing her to sustain serious injuries, including but not limited to a broken arm and tendon damage.

11. At all times herein mentioned, Plaintiff exercised all due care and caution for her own safety and the safety of others.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### NEGLIGENCE

12. Plaintiff re-alleges and incorporates herein paragraphs 1 through 11.

13. Defendant owed a duty of care to all invited and permitted riders and passengers of its jet-skis, including Plaintiff, to act with due care and regard for their physical safety, and to take all reasonable steps to protect them from injury.

14.  Defendant breached its duty to Plaintiff by, *inter alia*, allowing incompetent and unauthorized personnel to operate its jet-skis, and failing to properly train and supervise its personnel in the safe operation of jet-skis. Defendant is also liable to Plaintiff for the negligence of its employee under the principle of *respondeat superior*.

15.  The actions, omissions and breaches of duty of Defendant and its employee giving rise to this Complaint were grossly negligent, reckless, and taken with deliberate disregard and reckless indifference to the safety of others, particularly the safety of Plaintiff.

16.   As a direct and proximate result of the acts, omissions, and breaches of duty of Defendant and its employee, Plaintiff suffered physical injuries requiring the services of physicians and surgeons, nurses, physical therapists and other medical and rehabilitative personnel; requiring travel to China for hospitalization and surgery, including surgery to insert a metal plate and screws in Plaintiff's arm, future surgery to remove the plate and screws, and additional future reconstructive surgery to remove a large scar from Plaintiff's arm; requiring Plaintiff to lose several months of employment, and severely limiting her prospects for future employment, particularly in her ordinary profession, which is masseuse, due to the near-total and possibly permanent loss of use of her right arm and hand; and causing her pain, suffering, anguish, and emotional distress, all to Plaintiff's damage.  At the time of the filing of this Complaint, Plaintiff has not fully recovered from her injuries, and her damages continue to accrue.

17.  Defendant is liable to Plaintiff for all damages incurred as by her a result of the above-described jet-ski accident, in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF:
## CONSUMER PROTECTION ACT

18. Plaintiff re-alleges and incorporates herein paragraphs 1 through 17.

19. In the operation of its jet-ski business, Defendant willfully engaged in unfair methods of competition, and unfair or deceptive acts in the conduct of trade or commerce, in violation of the CNMI Consumer Protection Act, 4 CMC § 5101 *et seq.*, by, *inter alia*: causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification, by another; representing that goods or services have sponsorship, approval, characteristics, uses or benefits that they do not have, or that a person has a sponsorship,

4

1  approval, status, affiliation, or connection that the person does not have; representing that goods or

2  services are of a particular standard, quality, or grade, if they are of another; engaging in any other

3  conduct that similarly creates a likelihood of confusion or of misunderstanding; engaging in any act

4  or practice which is unfair or deceptive to the consumer; representing that any goods or services are

5  fit for any particular purpose, if they are not fit for that purpose; representing that a service is

6  provided by a person qualified to perform the service, if the merchant knows or should know that

7  the person is not so qualified; and introducing into commerce any good or service which the

8  merchant knows or should know may cause an unsafe condition in normal use, including performing

9  a service which may cause an unsafe condition.

10

11  20. Plaintiff is aggrieved as a result of Defendant's violations of the Consumer Protection

12  Act, and is entitled to recovery of her actual damages, an additional equal amount as liquidated

13  damages, and costs and reasonable attorney's fees, pursuant to 4 CMC § 5112(a).

14

15  **PRAYER FOR RELIEF**

16

17  WHEREFORE, Plaintiff prays for relief as follows:

18

19  a.  For general and special damages in an amount to be proven at trial but at least

20  $100,000;

21  b.  For an award of punitive damages;

22  c.  For prejudgment interest as allowed by law;

23  d.  For liquidated damages under the Consumer Protection Act;

24  e.  For costs of suit herein;

25  f.  For reasonable attorneys' fees; and

26  g.  For such other and equitable relief as this Court deems just and proper.

27

28  5

1
2
3                        **DEMAND FOR JURY TRIAL**
4
5          Plaintiff hereby demands a jury trial with respect to all issues so triable.
6
7   Dated: October /C , 2007.
8
9                                          O'CONNOR BERMAN DOTTS & BANES
                                           Attorneys for Plaintiff
10
11
12   By: _____
                        Joseph E. Horey
13
     *3414-01-071008-PL-complaint.wpd*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                              6