Richard W. Pierce, Law Office, LLC
P.O. Box 503514
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile: (670) 235-3427
Attorney for Defendant Seahorse Inc. Saipan

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI FENFEN, <br><br> Plaintiff, <br><br> vs. <br><br> SEAHORSE INC. SAIPAN, <br><br> Defendant. | CIVIL CASE NO. 07-0033 <br><br> ANSWER AND COUNTERCLAIM |

Seahorse Inc. Saipan responds to the complaint as follows:

1. Paragraph 1 of the Complaint is admitted.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted in part and denied in part. It is denied that Plaintiff had finished her work for the day. The remainder of the paragraph is admitted.

6. Paragraph 6 of the Complaint is admitted in part and denied in part. It is admitted that plaintiff and an employee of Seahorse Inc. Saipan engaged in a conversation, but the content of the conversation is unknown at this time and is therefore denied.

7. Paragraph 7 of the Complaint is admitted.

8. Paragraph 8 of the Complaint is admitted in part and denied in part. It is admitted that initially the employee drove the jet ski slower than he subsequently did; the remainder of the paragraph is denied.

9. Paragraph 9 of the Complaint is denied.

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint is denied.

12. Defendant incorporates and adopts herein its responses to paragraphs one through 11 of the Complaint.

13. No response is required to paragraph 13 of the Complaint in that it intends to allege a statement of law. To the extent a response is required, paragraph 13 is denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied, although it is admitted that Plaintiff suffered a hairline fracture when she fell or jumped from the jet ski and pulled the operator with her.

17. Paragraph 17 of the Complaint is denied.

18. Defendant incorporates and adopts herein its responses to paragraphs one through 17 of the Complaint.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Any allegation not specifically admitted is denied.

<u>Affirmative Defenses</u>

22. Plaintiff fails to state claims for which relief may be granted.

23. Plaintiff assumed the risk that she would be ill-suited for travel on the navigable waters of the Saipan lagoon, and any damages she suffered must be reduced by her comparative fault.

24. Pursuant to 46 U.S.C. § 30501 *et seq.*, Plaintiff's claims are limited to the value of the vessel, Yamaha XL 700, HIN YAMA2764L304, in that on April 29, 2007, at the time of

-2-

Plaintiff's injuries, she was being operated in navigable waters on a voyage from the shores of Saipan, CNMI, to retrieve buoys in the Saipan lagoon and to return to the shores of Saipan, CNMI. The vessel, Yamaha XL 700, HIN YAMA2764L304, remains intact and had a value of no more than $6,600.00 at the conclusion of the stated voyage, there being no claims or liens against the vessel. The owner of the vessel had no privity or knowledge of the circumstances that caused injuries to Plaintiff.

25. The actions alleged in the Complaint do not amount to conduct that is willful, wanton, malicious, oppressive, or reckless or otherwise allow the recovery of punitive damages.

256. Plaintiff is barred from obtaining any relief as pleaded in the Complaint because of her failure to take reasonable, necessary, appropriate, and feasible steps to mitigate her damages, if any.

27. Plaintiff's claim under the Consumer Protection Act is preempted by federal maritime law. Wherefore, the Defendant prays that Plaintiff take nothing by her complaint and the Defendant be awarded costs and expenses and such other relief as the law allows.

## Counterclaim

1. Counter-Plaintiff Seahorse Inc. Saipan is a corporation organized under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business in Saipan, CNMI.

2. Counter-Defendant Li, Fenfen resides in the Commonwealth of the Northern Mariana Islands.

3. This is a claim under 46 U.S.C. § 30501 *et seq.*; the Court has jurisdiction pursuant to 28 U.S.C. § 1333.

4. Venue is appropriate in this jurisdiction because Seahorse Inc. Saipan has been sued in this jurisdiction by Li, Fenfen with respect to a claim involving its vessel, Yamaha XL 700, HIN YAMA2764L304, on a voyage in navigable waters.

5. Seahorse Inc. Saipan is the owner of the vessel, Yamaha XL 700, HIN YAMA2764L304.

6.      On April 29, 2007, the vessel, Yamaha XL 700, HIN YAMA2764L304, was being operated in navigable waters on a voyage from the shores of Saipan, CNMI, to retrieve buoys in the Saipan lagoon and to return to the shores of Saipan, CNMI (the "Voyage").

7.      Without the privity or knowledge of Seahorse Inc. Saipan, an employee of Seahorse Inc. Saipan permitted Li, Fenfen to ride on the vessel during the described Voyage.  Further, Seahorse Inc. Saipan had and has no privity or knowledge of any negligent act or omission by the employee.

8.      During the Voyage, Li, Fenfen either fell or jumped from the vessel and pulled the employee with her into the water.  The vessel remained intact and undamaged.  The vessel returned to the shores of Saipan, and at the conclusion of the Voyage, the vessel had a fair market value of no more than $6,600.00.

9.      Li, Fenfen has filed a claim against Seahorse Inc. Saipan with respect to her alleged injuries occurring during the Voyage.

10.     Other than the demands by Li, Fenfen, as established by her complaint in this civil action, there are no other claims, liens or demands with respect to the vessel related to the Voyage.

11.     Seahorse Inc. Saipan is entitled to exoneration from or limitation of liability to Li, Fenfen upon posting the bond approved by the Court.

Wherefore, Seahorse Inc. Saipan prays that,

1.      The Court permit Seahorse Inc. Saipan to post a bond in the amount of $6,600.00, plus $1,000.00 as security for costs pursuant to LAR F, and interest for one year in the amount of $396.00;

2.      The Court direct Seahorse Inc. Saipan to publish notice to claimants in accordance with Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(4);

3.      The Court issue an order exonerating it from any liability to Li, Fenfen or a limit of liability to the amount of the bond; and

4.      Costs of suit and such other relief as appropriate under the law.

    Dated this November 26, 2007.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

R<small>ICHARD</small> W. P<small>IERCE</small> L<small>AW</small> O<small>FFICE</small>, LLC


_____/s/_____
Richard W. Pierce
Attorney for Seahorse Inc. Saipan