**O'CONNOR BERMAN DOTTS & BANES**
**Second Floor, Nauru Building**
**1 Nauru Loop**
**Susupe, Saipan, CNMI**
**Mail: PO Box 50-1969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**
**E-mail: attorneys@saipan.com**

**Attorneys for Plaintiff**

**IN THE DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LI FENFEN,** ) | Civ. No. 07-0033 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ANSWER TO** |
| ) | **COUNTERCLAIM** |
| **SEAHORSE INC. SAIPAN,** ) | |
| ) | |
| **Defendants.** ) | |

COMES NOW Plaintiff Li Fenfen, by and through counsel, and answers the allegations in Defendant's Counterclaim as follows:

1. Plaintiff admits the allegations in paragraphs 1 and 2 of the Counterclaim.

2. Plaintiff denies the allegations in paragraphs 3 and 11 of the Counterclaim.

3. Plaintiff lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 5 and 10 of the Counterclaim, and on that basis denies the same.

4. With respect to the allegations in paragraph 4 of the Counterclaim, Plaintiff admits that venue is appropriate in this jurisdiction, but denies that her claim involves a vessel on a voyage in navigable waters, and denies for lack of sufficient knowledge the make, model, and identification number alleged.

1    5. With respect to the allegations in paragraph 6 of the Counterclaim, Plaintiff admits that on April 29, 2007, a jet ski was being operated from the shores of Saipan, CNMI, but denies that the jet ski was a vessel on a voyage in navigable waters, denies for lack of sufficient knowledge the make, model, and identification number alleged, and denies for lack of sufficient knowledge the alleged purpose of the operation.

6. With respect to the allegations in paragraph 7 of the Counterclaim, Plaintiff admits that an employee of Seahorse permitted her to ride on a jet ski, but denies that he did so without the privity or knowledge of Seahorse, denies that the jet ski was a vessel or that it was engaged in a voyage, and denies Seahorse had or has no privity or knowledge of any negligent act or omission by the employee.

7. With respect to the allegations in paragraph 8 of the Counterclaim, Plaintiff admits that she fell from the jet ski, and admits that the jet ski returned to the shores of Saipan, but denies that she jumped from the jet ski, denies that she pulled the employee into the water, denies that the jet ski was a vessel or that it was engaged in a voyage, denies for lack of sufficient knowledge the allegations that the jet ski was intact and undamaged, and denies for lack of sufficient knowledge the fair market value alleged.

8. With respect to the allegations in paragraph 9 of the Counterclaim, Plaintiff admits that she has filed a claim against Seahorse Inc. Saipan with respect to her injuries, but denies that these injuries occurred during a voyage.

Plaintiff raises the following affirmative defenses to the allegations in the Counterclaim:

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim is barred by the applicable statute of limitations.

3. The federal laws forming the basis of the Counterclaim are inapplicable in the CNMI.

4. Defendant has waived its right to assert this counterclaim and/or is estopped from asserting it.

WHEREFORE Plaintiff prays that the relief sought by Defendant by way of its counterclaim be denied.

Respectfully submitted this 17th day of December, 2007.

                                      O'CONNOR BERMAN DOTTS & BANES
                                      Attorneys for Plaintiff


                                      By:_____/s/_____
                                              Joseph E. Horey

*3414-01-071217-answer to counterclaim.wpd*