```
                                                              F I L E D
                                                                 Clerk
                                                              District Court

                                                              DEC 1 8 2007
            UNITED STATES DISTRICT COURT
                     FOR THE                          For The Northern Mariana Islands
            NORTHERN MARIANA ISLANDS           By_____
                                                              (Deputy Clerk)
```

| | |
|---|---|
| LI FENFEN, | Civil Action No. 07-0033 |
| Plaintiff, | |
| vs. | Order Re Case Management Conference |
| SEAHORSE INC., SAIPAN, | |
| Defendant. | |

| Joseph E. Horey | John D. Osborn | Richard W. Pierce |
|---|---|---|
| Attorney at Law | Attorney at Law | Attorney at Law |
| P.O. Box 501969 | PIO. Box 5241 | P.O. Box 503514 |
| Saipan, MP 96950 | Saipan, MP 96950 | Saipan, MP 96950 |

In accordance with Federal Rule of Civil Procedure 16 and Local Rule 16.2CJ, each of the above-named shall be present at the Case Management Conference, set for Friday, January 4, 2008, at 8:30 a.m.

The parties shall be prepared to discuss:

(a)   Service of process on parties not yet served;

(b)   Jurisdiction and venue;

(c)   Track assignment;

(d)   Anticipated motions;

(e)   Anticipated or remaining discovery, including (1) limitation on discovery, (2) and provisions for disclosure or discovery of electronically stored information; and, (3) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

(f)   Further proceedings, including setting dates for discovery cut-off, pretrial

and trial;

(g) Appropriateness of special procedures such as consolidation of actions discovery or pretrial, reference to a master or to arbitration, or to the Judicial Panel on Multi-district Litigation, or application of the Manual for Complex Litigation;

(h) Modifications of the standard pretrial procedures specified by this Plan on account of the relative simplicity or complexity of the action or proceeding;

(i) Settlement prospects;

(j) Any other matter which may be conducive to the just, efficient, and economical determination of the proceedings, including the definition or limitation of issues; and,

(k) Setting of dates for:

1. Joinder of all parties,
2. Motions to amend,
3. Discovery cut-off,
4. Status Conferences,
5. Discovery motion hearing date,
6. Dispositive motion cut-off,
7. Dispositive motion hearing date,
8. Settlement conference,
9. Joint pretrial order,
10. Final pretrial order,
11. Trial.

The Court recommends that this case be assigned to the Standard track as defined by Local Rule 16.2CJ.c.

The parties are reminded that the dates chosen at the conference will not be susceptible to subsequent easy change. Fed.R.Civ.P.16(b)(6) provides in part that a case management scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge[.]" To establish good cause, a party must

generally show that even with the exercise of due diligence it cannot meet the order's time table. See e.g. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The liberal amendment policy of Fed.R.Civ.P. 15 no longer obtains once the case management scheduling order has been entered. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

IT IS SO ORDERED.

DATED this 18th day of December, 2007.

_/s/ Alex R. Munson_
ALEX R. MUNSON
Judge