FILED
Clerk
District Court

MAR 25 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| LI, FENFEN, | ) | Civil Action No. 07-0033 |
| | ) | |
| Plaintiff | ) | |
| | ) | ORDER DIRECTING |
| v. | ) | PARTIES TO SUBMIT |
| | ) | MEMORANDA OF LAW |
| SEAHORSE INC. SAIPAN, | ) | AND SETTING STATUS |
| | ) | CONFERENCE |
| Defendant | ) | |
| _____ | ) | |

In its answer and counterclaim of November 26, 2007, defendant invoked the court's admiralty jurisdiction; specifically, the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* On March 24, 2008, defendant filed with the court a bond for limitation of liability, pursuant to the Act and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims.

AO 72
(Rev. 08/82)

In the interests of conserving the resources of the court and the parties, and because the court concludes as a matter of law that incidents involving jet-skis[1] are covered by the Shipowners' Limitation of Liability Act; NOW, THEREFORE,

IT IS ORDERED that defendant shall submit to the court by Friday, April 11, 2008, a memorandum of law setting out what they believe to be the controlling law. Plaintiff shall have until Friday, April 25, 2008, to respond with her own memorandum of controlling law.  To the extent plaintiff does not note objections to conclusions contained in defendant's memo, she will be deemed to have acquiesced to the statement of controlling law as set out by defendant.

IT IS FURTHER ORDERED that a status conference will be held in this matter on Friday, May 2, 2008, at 9:30 a.m. to discuss with the parties the court's proposal to bifurcate this matter.  It is the court's intention to exercise its discretion under Fed.R.Civ.P. 42(a) and order a separate trial for the limited purpose of resolving only defendant's Limitation of Liability Act claim.  In this separate trial, the parties will address and the court will decide:

1. What acts of negligence, if any, caused the accident, and

2. Whether defendant had knowledge of the events that caused the accident.

"The burden of proving negligence lies on the person claiming to be injured,

---

[1] See In the Matter of the Complaint of Bay Runner Rentals, 113 F.Supp.2nd 795 (D.Md. 2000), and cases cited therein.

but once negligence is established, the vessel's owner must prove lack of knowledge of privity to the negligence." In re Cleveland Tankers, Inc., 67 F.3d 1200, 1203 (6th Cir. 1995). That is, "A shipowner seeking limitation of liability bears the burden of proving that he was without knowledge of the condition or negligence responsible for the collision." In re Hellenic Lines, 813 F.2d 634, 638 (4th Cir. 1987). In the case of a corporation, "the privity or knowledge must be that of the managing officers of the corporation." Craig v. Continental Ins. Co., 12 S.Ct. 97 (1891). The words 'privity or knowledge' as used in the statute are not limited to personal participation of managerial employees in the fault but encompass "some personal knowledge or means of knowledge, of which [a managerial employee] is bound to avail himself of a contemplated loss, or a condition of things likely to produce or contribute to the loss, without adopting appropriate means to prevent it." 3 Benedict on Admiralty § 41. The Fourth Circuit has stated that "the shipowner is chargeable with knowledge of acts or events or conditions of unseaworthiness that could have been discovered through reasonable diligence." Empresa Lineas Maritimas Argentinas, S.A. v. United States, 730 F.2d 153, 155 (4th Cir. 1984). If defendant cannot prove that it was

without privity or knowledge of the negligent acts which caused the accident, it may not avail itself of the Limitations of Liability Act and the lawsuit will continue to the damages phase.

DATED this 25th day of March, 2008.

_____
ALEX R. MUNSON
Judge