**O'CONNOR BERMAN DOTTS & BANES**
Second Floor, Nauru Building
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-mail: attorneys@saipan.com

**Attorneys for Plaintiff**

**IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LI FENFEN,** | Civ. No. 07-0033 |
| Plaintiff, | |
| vs. | **MOTION TO DI-BIFURCATE TRIAL** |
| **SEAHORSE INC. SAIPAN,** | |
| Defendants. | |

### Introduction

Plaintiff hereby moves that the trial of this matter – which is currently scheduled to be bifurcated, with issues of negligence and privity to be tried to the Court, and, if necessary, issues of damages to be tried later to the jury – be de-bifurcated, with all issues tried to the jury. In support of this motion, Plaintiff shows the court the following:

### Background

Plaintiff has demanded a jury trial in this case. *See* Complaint and Jury Demand (filed October 10, 2007) at p. 6. She has invoked the Court's diversity jurisdiction, not its admiralty jurisdiction, *see* id. at p. 1 ¶ 1, and has raised legal claims for negligence and violation of the Consumer Protection Act, which would ordinarily be tried to a jury. Defendant, however, has raised a counterclaim for limitation of liability, which, as an admiralty claim, would ordinarily be tried to the court without a jury. *See* Answer and Counterclaim (filed November 26, 2007). In an attempt to reconcile these two aspects of the case, the Court has bifurcated the trial, with issues of

negligence and privity to be tried to the court, and damages to the jury at a later date if necessary. *See* Case Management Scheduling Order Re: Negligence and Privity (entered May 2, 2008).

**Argument**

The trial should be de-bifurcated, and all claims tried to the jury, because, in a situation such as this, where law claims and admiralty claims arise in the same case out of the same facts, the entire matter must be tried to the same trier of fact in order to avoid conflicts and confusion, and plaintiff's jury rights as to the law claims can only be preserved where that single trier of fact is the jury. This is the holding of the Supreme Court in Fitzgerald v. United States Lines Co., 374 U.S. 16 (1963). In Fitzgerald, the plaintiff had raised a law claim under the Jones Act and an admiralty claim for maintenance and cure, demanding a jury for both. The district court allowed only the Jones Act claim to be tried to the jury, and determined the admiralty claim itself. The Supreme Court reversed and remanded for a jury trial on the admiralty claims, writing:

> Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried to a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactment to try all the claims. Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. The seaman in this case was therefore entitled to a jury trial as of right on his maintenance and cure claims.

Id., 374 U.S. at 21.

The rule of Fitzgerald was applied by the Ninth Circuit in Wilmington Trust v. United States District Court for the District of Hawaii, 934 F.2d 1026 (9th Cir. 1991). In Wilmington, the plaintiff had sued in admiralty, but the defendant had raised legal counterclaims, and had demanded a jury. The district court struck the jury demand, but the Court of Appeals granted the defendant's petition for a writ of mandamus directing defendant's claims to be tried to a jury. The court held:

> that [plaintiff's] election to proceed in admiralty does not deprive [defendant] of a

      jury trial on [defendant's] properly joined claims.  We note that our holding may result in the entire case being tried before a jury.  This result is likely to occur if all the claims are closely related factually.

Id., 934 F.2d at 1032 (citing Fitzgerald).  The Ninth Circuit has applied Fitzgerald again more recently in Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050 (9th Cir. 1997).  In Ghotra, the plaintiffs had raised negligence claims against a ship's owner and charterer, as well as an *in rem* maritime claim against the vessel, and had sought a jury trial as to all claims.  The district court found that the plaintiffs were not entitled to a jury trial at all, and the entire matter was tried to the court.  Id. at 1053.  The Court of Appeals reversed and remanded for a new trial, finding not only that the negligence claims should have been tried to a jury, but also that, under the reasoning of Fitzgerald, there should be "a jury trial over all four claims, where the *in rem* claim arises out of the same factual circumstances as the other three claims."  Id. at 1057.  It held: "We conclude therefore that the Ghotras were entitled to a jury trial on their entire action."  Id. at 1058.

      The rule of Fitzgerald was also applied in a situation similar to this case in Doughty v. Nebel Towing, Inc., 270 F.Supp. 957 (E.D.La. 1967).  In Doughty, the plaintiff raised Jones Act jury claims as well as admiralty claims for maintenance and cure, and demanded a jury.  Id. at 958.  The defendant, as in this case, "invoked the limitation of liability statute."  Id.  The plaintiff, like Plaintiff Li here, "assert[ed] that the issues arising from the plea for limitation of liability should be tried to the jury," while the defendant "contend[ed] that all issues arising out of this defense should be determined by the Court sitting in admiralty."  Id.  The court, after a review of Fitzgerald and other pertinent authority, concluded that, to the extent the law and admiralty claims involved the same issues, they should both be tried together to the jury.  In particular:

      the issue pertaining to whether any act, matter or thing, loss, damage or forfeiture, was done or incurred for which the defendant is responsible and, if so, whether such act, matter or thing was done with the privity or knowledge of the defendant, being issues to be determined upon substantially the same evidence will be submitted to the jury.

Id. at 962.  Admiralty issues not arising out of the same facts as the law claims could be tried by the

3

court after the jury reached its verdict, but the only such issue that the court identified was "the value of the vessel."

In this case, the issues of negligence raised in Plaintiff's complaint, and the issues of negligence and privity raised in Defendant's counterclaim for limitation of liability, arise out of the same facts and implicate the same evidence. Both claims, for example, require the trier of fact to resolve the question of whether Seahorse's employee was in fact negligent. The issue of Seahorse's "privity or knowledge" of his negligence likewise arises out of the same facts as the issue of Seahorse's own negligent entrustment, supervision and training, as alleged in the Complaint,[1] to the point that one of these issues cannot be decided without at the same time deciding the other. *See, e.g.,* In Re Ruiz, 494 F.Supp.2d 1339, 1341-42 (S.D.Fla. 2007) (holding that, if the owner was negligent in entrustment or supervision, his actions "would necessarily be within his 'privity or knowledge' and no limitation of liability would be available"); Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir. 1992) ("[I]f a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act."). Thus, as the case is currently structured, all issues of fact with respect to both Plaintiff's law claims and Defendant's admiralty counterclaim, excepting only damages, will be determined by the Court in the bench portion of the trial. The jury will be utterly precluded from deciding any issues of liability on Plaintiff's law claims, in direct derogation of Plaintiff's rights. This is the very situation that the rule of Fitzgerald is designed to prevent.

**Conclusion**

---

[1] *See* Complaint at ¶ 14:
Defendant breached its duty to Plaintiff by, *inter alia*, allowing incompetent and unauthorized personnel to operate its jet-skis, and failing to properly train and supervise its personnel in the safe operation of jet-skis. Defendant is also liable to Plaintiff for the negligence of its employee under the principle of *respondeat superior*.

4

For the foregoing reasons, the trial of this matter should be re-unified, with all claims tried to the jury.

Respectfully submitted this 18th day of July, 2008.

                                                O'CONNOR BERMAN DOTTS & BANES
                                                Attorneys for Plaintiff

                                                By:_____/s/_____
                                                             Joseph E. Horey

*3414-01-080717-M summary judgment and debifurcate .wpd*