**O'CONNOR BERMAN DOTTS & BANES**
**Second Floor, Nauru Building**
**Marianas Business Plaza**
**Nauru Loop, Susupe, Saipan, CNMI**
**Mail: PO Box 501969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**
**E-mail: attorneys@saipan.com**

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| LI FENFEN, | ) | Civ. No. 07-0033 |
| | ) | |
| Plaintiff, | ) | **REPLY IN SUPPORT** |
| | ) | **OF MOTION TO** |
| vs. | ) | **DE-BIFURCATE TRIAL** |
| | ) | |
| SEAHORSE INC. SAIPAN, | ) | Date: August 28, 2008 |
| | ) | Time: 8:30 am |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

Plaintiff Li Fenfen replies as follows to the arguments made by Seahorse in its Opposition to Plaintiff's Motion to De-bifurcate Trial.

### THERE HAS BEEN NO WAIVER OF THE JURY TRIAL

Li Fenfen never waived her right to trial by jury. She demanded a jury in her Complaint and has never withdrawn that demand. She has never "changed her tune," and never "intentionally [taken] a path" that she now "thinks better of."

The statement in Plaintiff's Responsive Memorandum, filed April 25, 2008, to the effect that Plaintiff "is in general agreement with the principles of law stated by the Court

in its March 25 Order, and by Defendant in its April 11 brief," on which Seahorse relies

to establish waiver, do not amount in any way to a waiver by Plaintiff of her right to jury

trial. The "principles of law" set out in both documents, with which Plaintiff expressed

her agreement, have nothing to do with jury trial. They have to do instead with such

issues as the burden of proof on the limitation of liability claim, the nature of the duty of

care, the meaning of "privity or knowledge," and other similar issues as to the substantive

law governing limitation of liability claims. Plaintiff continues to adhere to her belief

that those principles were generally correctly stated, just as she also adheres to the main

point of her Memorandum, which was that the Limitation of Liability Act does not

properly apply to this case at all.

        The procedural question, however, of who would be the trier of fact as to those

issues never came up, and Plaintiff expressed no opinion on it, until it was raised by

Plaintiff's undersigned counsel at the chambers conference of May 2, 2008. At the

conference, counsel recalls that he: a) inquired whether both segments of the proposed

bifurcated trial would be tried to the jury; b) was informed by the Court that the first

segment would be tried to the Court without a jury; c) expressed doubt about the

propriety of such procedure, based on his preliminary research into the issue; and d) was

advised by the Court to raise the issue by subsequent motion if necessary.[1] Counsel,

having determined upon further research that it is indeed necessary to do so, has now filed

---

[1] Since the conference took place in chambers, there is unfortunately no record, such that the proceedings could be set forth here verbatim. Undersigned counsel, however, sets forth these recollections upon penalty of perjury, and as an officer of the Court, as being true and accurate to the best of his ability.

that motion.

In any event, "Rule 38(d) states unequivocally that a 'demand for trial by jury . . . may not be withdrawn without the consent of the parties,' and Rule 39(a) specifies that such consent must be made by written or oral stipulation." Solis v. City of Los Angeles, 514 F.3d 946, 955 (9th Cir. 2008) (emphasis and citation omitted).  Plaintiff has not entered into any stipulation to withdraw her jury demand.  It is true, as Defendant notes, that White v. McGinnis, 903 F.2d 699 (9th Cir. 1990), eschews a strictly "formalistic" approach to jury waiver.  Defendant, however, would take White several informalities too far.  White addressed a situation in which a plaintiff had gone all the way through the bench trial, and even through post-trial motions, without ever asserting his jury rights, doing so only on appeal; and, in that somewhat extreme situation, the Court found waiver even without formal stipulation.  However, "no court has expanded [White] to find a waiver of a right to a jury trial where a plaintiff actively contests the district court's decision to refuse the demand," as Plaintiff Li now does.  United States v. California Mobile Home Park Management Co., 107 F.3d 1374, 1380 (9th Cir. 1997).  On the contrary, the Ninth Circuit has most recently held that White sets forth only a "*narrow exception* to the formal requirements of Rules 38 and 39," which "applies *only* when the party claiming the jury trial right is attempting to act strategically -- participating in the bench trial in the hopes of achieving a favorable outcome, then asserting lack of consent to the bench trial when the result turns out to be unfavorable to him." Solis v. City of Los Angeles, 514 F.3d 946, 955 (9th Cir. 2008) (emphasis added).  Under Solis, therefore, even participation without objection at the bench trial is not necessarily a waiver of the

right to jury trial.  Certainly, therefore, there can be no waiver in this situation, where Plaintiff objects to the bench trial even before it takes place, evincing no intent, and seeking no possibility, of getting "two bites at the procedural apple."  See id. at 356. Plaintiff asks only one bite, but that the jury be the one to take it.  The Court is bound to indulge "every reasonable presumption against waiver of the jury trial," id. at 357, and, doing so, cannot find waiver in this case.


## NO "STIPULATIONS" ARE REQUIRED

Seahorse next appears to argue that Plaintiff is required, as a condition of obtaining a trial by jury, enter into certain "stipulations," namely: (1) stipulate "that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction over all questions concerning the right to limitation." Complaint of Ross Island Sand and Gravel, 226 F.3d 1015, 1017 (9th Cir. 2000) (citing Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983)).  These "stipulations," however, have no relation to the relief Plaintiff seeks from the Court by way of her current motion -- *i.e.*, allowing the issues of negligence and privity pertinent to her law claims to be tried to the jury.  They are instead addressed to an altogether different issue: the requirements for dissolving an injunction against filing actions separate from the limitation of liability action.  As such, they have no bearing whatsoever on this case, since the Court in this case has issued no such injunction.  There can be, of course, no occasion even to consider the requirements for dissolving an injunction that has never been issued in the first place.

Nor is it at all clear what the point or meaning of such "stipulations" would be in the context of this case, since Plaintiff has no intention of filing a separate action, and is not seeking leave to file one. Plaintiff, after all, is the one who filed *this* action. Defendant has added a new dimension to it by asserting a counterclaim for limitation of liability, but it remains one action, leading ultimately to one judgment. There will, therefore, be no possible judgment rendered outside of these proceedings as to which Plaintiff could claim *res judicata* even if she wanted to. What, then, would she be stipulating against? Nor is Plaintiff seeking to have any other court address the limitations issue; she merely seeks that it be resolved, in *this* Court, by the jury, to the extent it overlaps with her law claims. As for the value of the limitation fund, that is the one issue that Plaintiff has already agreed is unique to the limitation claim, and does not overlap with the law claims, and that therefore may properly be tried to the Court. See Plaintiff's Motion at 3-4 (citing Doughty v. Nebel Towing, Inc., 270 F.Supp. 957 (E.D.La. 1967)).

In sum, since there is no injunction in a place, and no separate proceedings either underway or contemplated, there is no need or purpose in this case for the stipulations required to dissolve an injunction against separate proceedings.

## FITZGERALD, WILMINGTON TRUST, GHOTRA, AND DOUGHTY SET OUT THE APPROPRIATE RULE OF DECISION

Plaintiff, in her opening brief, established that the rule of Fitzgerald v. United

States Lines Co., 374 U.S. 16 (1963), as adopted by the Ninth Circuit in <u>Wilmington Trust v. United States District Court For the District of Hawaii</u>, 934 F.2d 1026 (9th Cir. 1991), and <u>Ghotra v. Bandila Shipping, Inc.</u>, 113 F.3d 1050 (9th Cir. 1997), and as applied to a limitation of liability claim in <u>Doughty v. Nebel Towing, Inc.</u>, 270 F.Supp. 957 (E.D.La. 1967), mandates the conclusion that she is entitled to a jury trial on the limitation claim, to the extent it implicates the same negligence and privity issues that arise in her underlying law claims.

Seahorse now attempts to get around these cases, especially <u>Wilmington Trust</u>, by claiming that there is a "split of authority."  See Seahorse's Brief at 7-8 (citing <u>Concordia Co., Inc. v. Panek</u>, 115 F.3d 67, 71 (1st Cir. 1997)).   In fact, however, the "split of authority" noted in <u>Concordia</u> relates solely to the issue of whether a law counterclaim must be tried to a jury *when the plaintiff in the underlying claim has made a Rule 9(h) designation to proceed in admiralty*, or whether the plaintiff's initial election instead "characterizes the whole action regardless of any Seventh Amendment right the counterclaimant may have had to a jury trial."  <u>Concordia</u>, <u>supra</u>, 115 F.3d at 71.  In this case, therefore, the question on which there is a "split of authority" does not arise, since Plaintiff never made a Rule 9(h) election of admiralty.  On the contrary, she elected to proceed at law, invoking the Court's diversity jurisdiction only, and demanding a jury. See Complaint.  It is the counterclaimant, Seahorse, who is attempting to detour the law case into admiralty.  Thus, even a court taking the view that the plaintiff's initial election should "characterize the whole action" would have to acknowledge the right to a jury in this case, since Plaintiff Li's initial election was to proceed at law in diversity.

In any event, the Ninth Circuit has very explicitly taken sides on the "split of authority."   In Wilmington Trust, it acknowledged that "the non-jury component of admiralty jurisdiction must give way to the seventh amendment," 934 F.2d at 1031, and followed Fitzgerald in holding that "all claims must be submitted to jury when they 'arise out of one set of facts,'" id. at 1032, *even in a case where the plaintiff has made an initial election of admiralty*.   The Court repeatedly rejected the reasoning of Insurance Co. of North America v. Virgilio, 574 F.Supp. 48 (S.D.Cal. 1983), the leading case on the opposite side of the "split of authority" described in Concordia, noting that Virgilio "mistakenly refused to consider Fitzgerald," 934 F.2d at 1031 fn.6, and that its result "has been criticized for encouraging a race to the courthouse."  Id. at 1030 fn. 5.  See generally id. at 1030 ("We reject the reasoning of Virgilio.").[2]

Similarly, the Ninth Circuit has explicitly rejected the Fifth Circuit's view that the assertion of both admiralty and diversity jurisdiction by a plaintiff in the same complaint "constitutes an election to proceed in admiralty alone without a jury."  Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1057 (9th Cir. 1997).  The Ghotra Court wrote: "We reject such a restrictive perspective."  Id.  Instead, it held that "the reasoning of Fitzgerald is equally persuasive" in such a situation.  Id. See also id. at 1056 (agreeing with the Fourth Circuit that "the same considerations underlying Fitzgerald [are] present" in such a

---

[2] Indeed, given the rejection of Virgilio by its own circuit, it cannot properly be considered "authority" at all -- a fact that the First Circuit in Concordia apparently overlooked.

situation).   The evident approach of the Ninth Circuit, as demonstrated by both

Wilmington Trust and Ghotra, is to apply the reasoning and principles of Fitzgerald to

any situation where the same considerations exist -- i.e., any situation where any party's

right to jury trial is potentially threatened by the assertion of an admiralty claim in the

same case, and arising out of the same facts.


      This is the same approach employed by the court in Doughty v. Nebel Towing,

Inc., 270 F.Supp. 957 (E.D.La. 1967).   Seahorse attempts to discredit Doughty by

claiming that it has not been followed even in its own district, see Seahorse's Brief at 8,

but this claim is highly misleading.   One of Seahorse's cited cases, In Re Ingram Barge

Co., 2006 WL 53778855 (E.D.La. 2006), merely cites Doughty for the proposition that

"jury trials are *generally* not available in limitation of liability actions" (emphasis added).

This is, of course, a perfectly accurate statement of the law, as set forth in Doughty and

elsewhere.   Doughty, however, goes on to hold that, notwithstanding this general rule,

jury trials *sometimes are* available in limitation of liability actions -- *i.e.*, when, and to the

extent that, factual issues raised in the limitation claims are also implicated in other

claims, arising in the same case, as to which the right to jury trial exists.   See generally

Doughty, 270 F.Supp. at 962.   There was no claim in Ingram Barge that there were any

such issues in that case.   Ingram Barge thus does not speak one way or the other to the

point for which Doughty is cited by Plaintiff in this case, and certainly cannot fairly be

characterized as "not following" Doughty on that point.


      Seahorse's citation to Arnold v. Port Arthur Towing Co., 1988 WL 44473

(E.D.La. 1988), is even more misleading, since <u>Arnold</u> actually does follow <u>Doughty</u> on the very point urged by Plaintiff in this case, citing it for the proposition that "the Court should preserve the claimant's trial by jury as to the issues concerning the fact of liability," while "[m]atters which are peculiar to a limitation proceeding are tried to the Court without a jury." <u>Id</u>. at *1. <u>Doughty</u> was also followed on this point in <u>Furka v. Great Lakes Dredge & Dock Co., Inc.</u>, 1984 A.M.C. 349 (D.Md. 1983) ("The limitation issue, which is a purely factual question of whether defendant's negligence was with or without the 'privity or knowledge' of the defendant, could have and should have been submitted to the jury.") (citing <u>Doughty</u>).

What ought most to recommend <u>Doughty</u> to the Court, however, is the congruence of its reasoning with that of the Ninth Circuit in <u>Wilmington Trust</u>, later re-affirmed in <u>Ghotra</u>. In both <u>Doughty</u> and <u>Wilmington Trust</u>, the respective courts apply to rule of <u>Fitzgerald</u> to situations in which the precise claims being asserted, and the parties asserting them, are not exactly the same ones as in <u>Fitzgerald</u>, but which still present the same basic pattern of admiralty claims and law claims arising in the same case out of the same facts, and thus raise the same basic question of who -- the court or the jury -- should be the trier of those facts, to the extent they overlap. Both courts, in holding that it should be the jury, draw support from the analogous cases holding that, in cases where both legal and *equitable* issues arise, a party's right to trial by jury on the legal issues cannot be infringed by the device of trying the equitable issues first to the court; and that both legal and equitable issues must instead be tried to the jury, even if the legal issues are "incidental" to the equitable issues. See <u>Doughty</u>, 270 F.Supp. 961-62;

Wilmington Trust, 934 F.2d at 1031-32 (both citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962)).  The result of the application of the reasoning of Wilmington Trust and Ghotra to this case, therefore, will be the same result that the court reached in Doughty -- that all issues in the case, except only the value of the vessel,  must be tried to the jury.


## CONCLUSION

For all the reasons in Plaintiff's opening brief and herein, her motion to de-bifurcate the trial should be granted, and the entire case set for trial by jury.


Respectfully submitted this 5th day of August, 2008.


O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff



By:_____/s/_____
            Joseph E. Horey