Richard W. Pierce, Law Office, LLC
P.O. Box 503514
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile:  (670) 235-3427
Attorney for Defendant Seahorse Inc. Saipan

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

LI FENFEN,

            Plaintiff,

vs.

SEAHORSE INC. SAIPAN,

            Defendant.

CIVIL CASE NO. 07-0033

**REPLY TO OPPOSITION TO SEAHORSE'S MOTION TO DISMISS SECOND CLAIM FOR RELIEF**

**TIME:** 8:30 A.M.
**DATE:** Aug. 28, 2008
**JUDGE: MUNSON**

    Seahorse Inc. Saipan moved the Court to grant its judgment on Plaintiff's Second Claim for Relief, an alleged claim under the CNMI's Consumer Protection Act. In its memorandum, Seahorse cited to numerous federal court decisions that held maritime law preempted state consumer protection statutes. Plaintiff responded with no federal court decision to the contrary. Plaintiff did not even address the inapplicability in the maritime context of the CNMI Consumer Protection Act's liquidated damages and substantive law.

    In her opposition, Plaintiff aimed at the attorney fee provision within the CNMI's Act (shall award costs and reasonable attorney's fees if the plaintiff prevails; 4 CMC § 5112). She builds her argument around federal decisions related to marine insurance contracts and the application of the states' various bad faith statutes to insurers. *See generally All Underwriters v. Weisberg,* 222 F.3d 1309, 1314 (11th Cir. 2000). The

prevailing view is that state insurance statutes apply to marine insurance contracts, principally because "We, like Congress, leave the regulation of marine insurance where it has been--with the States." *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321, 75 S. Ct. 368, 374 (1955). Seahorse has no quarrel with that principle; however, it has no application to this case.

Outside the context of marine insurance contracts, federal courts, including those in the Ninth Circuit, adhere to the prevailing maritime rule that claims of a maritime nature do not permit the awarding of attorney fees, unless the court determines a party acted in bad faith. *See Ingersoll Mill. Mach. Co. v. M/V Bodena*, 829 F.2d 293, 309 (2nd Cir. 1987) (general rule is that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith); *Sosebee v. Rath*, 893 F.2d 54, 56-57 (3rd Cir. 1990) (where a case arises under the federal maritime law, as this case does, a local statute awarding attorneys' fees should not be applied); *Louis v. Atlantis Submarines, Inc.*, No. Civ. 97-01194 SOM, 1999 WL 641793 at * 3 (D. Haw. 1999) (no attorney fees for contract action related to maritime activity, *citing to Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985); *Narte v. All Alaskan Seafoods, Inc.*, 2000 WL 237923, 4 (9th Cir. 2000) (unpublished opinion cited by plaintiff) ("Nevertheless, every circuit to have examined the issue has held that, despite an applicable state statute providing for attorney's fees, they are not available in admiralty cases. Admiralty is a field in which national uniformity is especially important. Accordingly, we decline to deviate from our sister circuits on this issue, and affirm the

district court's denial of attorneys' fees");[1] *Royal P&O Nedlloyd N.V. v. Braun Management Co., Ltd.*, 2007 WL 604932, 2 (D. Hawai'I 2007) (no attorney fees for contract action related to maritime activity), *citing to Flores v. American Seafoods Co.*, 335 F.3d 904, 917 (9th Cir. 2003) (finding that where federal maritime law applied, rather than state law, no attorney's fees could be awarded under a state attorney's fees statute), *and Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 n. 5 (9th Cir. 1998) (allowing attorney fees in "the more specialized field of marine insurance, it has only been where one of the parties operated in bad faith"); *TCW Special Credits v. Fishing Vessel CHLOE Z.*, 1997 WL 382111, 15 (D. Guam 1997) ("TCW is correct, generally, the prevailing party in a maritime action is not entitled to attorneys' fees").

Plaintiff does not dispute that her injury as a passenger at the alleged neglect of Seahorse is a typical maritime claim for which maritime law provides redress. As stated in its opening memorandum, Seahorse owes a duty of reasonable care to those aboard the vessel who are not crew members, a well-recognized maritime tort. *See also Craig v. M/V Peacock on Complaint of Edwards*, 760 F.2d 953, 955 (9th Cir. 1985) ("the only duty owed him by Shipowners was that of exercising due care under the circumstances"); *In re Catalina Cruises, Inc.*, 137 F.3d 1422, 1425 (9th Cir. 1998) (a shipowner owes a duty of reasonable care to those aboard the ship who are not crew members).

In conclusion, the federal courts that have had to apply the test from *American Dredging Co. v. Miller*, 510 U.S. 443, 447, 114 S. Ct. 981, 985 (1994) (whether the state law at issue conflicts with a "characteristic feature" of admiralty or a doctrine whose

---

[1] There is an additional unpublished 9th Circuit opinion on the subject that plaintiff did not cite.

uniform application is necessary to maintain the "proper harmony" of maritime law), routinely determine that consumer protection acts do not apply in the maritime context.

The Court should grant Seahorse judgment on the Second Claim for Relief.

Respectfully submitted this August 21, 2008.

                        RICHARD W. PIERCE LAW OFFICE, LLC

                        _____/s/_____
                        Richard W. Pierce
                        Attorney for Seahorse Inc. Saipan