FILED
Clerk
District Court

AUG 26 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI, FENFEN, ) | Civil Action No. 07-0033 |
| ) | |
| Plaintiff ) | |
| ) | ORDER DENYING MOTION |
| v. ) | TO DI-BIFURCATE THE |
| ) | TRIAL and GRANTING MOTION |
| SEAHORSE INC. SAIPAN, ) | FOR JUDGMENT ON THE |
| ) | PLEADINGS AS TO THE |
| Defendant ) | CONSUMER PROTECTION |
| _____ ) | CLAIM |

THIS MATTER came before the court on Thursday, August 28, 2008, for hearing of plaintiff's motion to di-bifurcate the trial and defendant's motion for judgment on the pleadings as to plaintiff's claim for relief under the Commonwealth's consumer protection law. Plaintiff appeared by and through her attorney, Joseph Horey; defendant appeared by and through its attorney, Richard W. Pierce.

AO 72
(Rev. 08/82)

THE COURT, having considered the written and oral arguments of counsel, rules as follows:

Plaintiff's motion to di-bifurcate the trial is denied. First, it is untimely. In the court's order of March 25, 2008, the parties were asked to submit memoranda on the court's preliminary conclusion that this case fell within the admiralty Limitation of Liability Act because jet-skis are covered by the Act. Plaintiff's attorney agreed, albeit grudgingly, that it did at the status conference on May 2nd.[1] This motion to de-bifurcate the trial was filed July 18, 2008, two-and-a-half months later.

Second, plaintiff's claim that she is entitled to a jury relies on cases interpreting the Jones Act, which *does* provide for jury trials, by statute, unlike the instant matter.

Finally, plaintiff's legal argument also fails. Entitlement to a jury is succinctly addressed in 8 *Benedict on Admiralty* § 8.05:

> Fed.R.Civ.P. 38(e) [attached] provides that the civil rules should not be construed to create the right to a jury trial in an admiralty matter. Most limitation proceedings are tried by the court in admiralty. The lack of a jury in admiralty is rarely questioned, and, when it is, the courts usually have little difficulty in disposing of the issue. In *In re High Hook, Inc.*, for example, a fishing vessel owner filed a limitation complaint pleading admiralty jurisdiction under Fed.R.Civ.P. 9(h), seeking relief under the

---

[1] The court's case management scheduling order of May 2, 2008, is shorter than usual and omits many of the normal deadlines because the parties had agreed that the trial would be bifurcated. The order even states "This trial is bifurcated for the purpose of determining Negligence and Privity and, the portion for damages is stayed until resolution of Negligence and Privity."

Limitation Act. The claimant, a passenger who allegedly was injured aboard the vessel, demanded a jury trial under the savings clause.[2] The court found that the complaint asserted an admiralty claim, this being the case whether or not it was denominated as such under Rule 9(h). Noting that Rule 38(e) has been held to deny a right to jury trial on any claim that is cognizable in admiralty, regardless of what is pleaded, the court held that, absent a statutory right to a jury, such as in the Jones Act, it was without authority to grant a jury trial merely because there was diversity of citizenship between the parties.

More germane to the argument raised by plaintiff is the following language, from the same section of Benedict:

> As discussed, the Supreme Court, in *Langnes v. Green* and *Ex Parte Green*, held that the owner's right to limitation in admiralty must be balanced against the claimant's right to proceed at law before a jury under the saving clause. The holding has since expanded to include *the right of the single-claim claimant to proceed at law*, and the right of multiple claimants to proceed at law, *when their claims total less that the value of the limitation fund*. (Emphasis added.)

Here, plaintiff's claim *must* be greater than the value of the jet-ski, i.e. "the limitation fund," or this matter would have settled when defendant posted the bond (which is for less than $10,000). Hence, there is no entitlement to a jury.

Defendant's motion for judgment on the pleadings on plaintiff's

---

[2] Black's Law Dictionary defines a "saving-to-suitor clause" or "saving clause" in the context of the federal statutory provision granting admiralty and maritime jurisdiction to the federal courts, as a clause that preserves the option to file suit in a nonadmiralty court. 28 U.S.C. § 1333(1). The nonadmiralty court is typically either a state court or a law-side federal court. Under the reverse-*Erie* doctrine, the nonadmiralty court is required to apply the same law that the admiralty court would have used.

Commonwealth consumer protection law claim, and its provision for an award of attorneys' fees, is granted. Courts have held that such statutes are pre-empted by federal maritime law. *See e.g. Churchill v. F/V Fjord*, 857 F.2d 571, 576 (9th Cir. 1988) (in this case involving the Limitation of Liability Act, the court reiterated that a state law that conflicts with established federal maritime law or interferes with the goal of uniformity of admiralty law is completely pre-empted and is to be given no effect). *See also* 1 Schoenbaum *Admiralty and Maritime Law (4th ed.)* § 4-3 (2001) (discussion of pre-emption of state laws). Accordingly, the court finds that the Commonwealth's Consumer Protection Act, 4 N.Mar.I. Code § 5101 *et seq.*, is pre-empted by the Limitation of Liability Act and defendant's motion for judgment on the pleadings is granted.

IT IS SO ORDERED.

DATED this 26th day of August, 2008.

_____
ALEX R. MUNSON
Judge